IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF MARYLAND
(NORTHERN DIVISION)

| | | |
|---|---|---|
| MVP LANES, LLC | * | |
| 26 South Street | * | |
| Baltimore, MD 21202 | * | CIVIL NO. RDB-11-2402 |
| | * | |
| Plaintiff | * | |
| | * | |
| vs. | * | |
| | * | |
| RI HISPANIC BANC GROUP, LLC | * | |
| 1352 Newport Avenue | * | |
| Pawtucket, RI 02861 | * | |
| | * | |
| Defendant | * | |
| | * | |

*******************************************************************************

**MVP LANES, LLC'S SUPPLEMENTAL MEMORANDUM IN SUPPORT OF ITS MOTION FOR TEMPORARY RESTRAINING ORDER AND FOR PRELIMINARY INJUNCTION**

MVP Lanes, LLC, by undersigned counsel, herein respectfully submits this Supplemental Memorandum in Support of its Motion for Temporary Restraining Order and for Preliminary Injunction and to provide the Court with current information relevant to Plaintiff's claims.

**SUPPLEMENTAL FACTS**

31.     This suit was filed on August 26, 2011 and Defendant RI Hispanic Banc Group, LLC was given notice, with copies.

32.     On August 30, 2011, MVP Lanes, LLC received a Contract Cancellation Notice from the Funding Party due to the failure to deliver the SBLC as required.   MVP Lanes, LLC and RI Hispanic Banc Group, LLC were instructed to have no further communications with the Funding Party's bank.  **See H-33.**

33. On August 30, 2011, MVP Lanes, LLC asked if the Funding Party would provide the name of an alternative bank that could receive an SBLC and so that the Funding Party could (MVP hopes) still make a loan to MVP. The Funding Party responded that it would provide the coordinates for an account at another bank that could receive the SBLC once MVP was able to demonstrate that it had an SBLC that is "real." **See H-34**.

34. Based on the above, MVP advised RI Hispanic to refrain from communicating with the Funding Party's first bank, and it has persisted in its requests to obtain true copies of the SBLC that RI Hispanic claims it issued, the transmissions by SWIFT that it claims it utilized, the confirmation receipts that it claims that it obtained, and a report known as a Trouble Ticket Report that RI Hispanic claimed it requested and would obtain from SWIFT that might unravel the "mystery" of the delivery problems associated with the SBLC. This information would allow the Funding Party to reach a determination about whether RI Hispanic is "real" and can provide a "real" SBLC as agreed.

35. MVP obtained a copy of language of an SBLC that would be acceptable to the Funding Party. **See H-35**. This is virtually identical to the language that is set forth in the original Agreement. **See e.g. Exhibit B**. RI Hispanic had proposed altogether different language on the evening of August 29, 2011. **See H-35**.

36. On the morning of September 6, 2011, undersigned counsel forwarded a copy of this Court's Order that GRANTED Plaintiff's Motion to File its Exhibits Under Seal to Martien Eerhart, Managing Member of RI Hispanic. Mr. Eerhart responded and claimed that the documents MVP seeks in this case were sent to the Funding Party's bank (and by implication, suggested that the Request for Temporary Restraining Order was moot. **See H-36**. Mr. Eerhart attached a document that he contends was the Trouble Report by SWIFT. **H-36.** Yet, **H-36** is

not a Trouble Ticket report from SWIFT.  It is another document that fails to identify a banker at RI Hispanic's bank, and while it purports to be on the bank's letterhead, it is useless in terms of demonstrating whether an SBLC was issued, and if issued transmitted to the Funding Party's bank.  In **H-36**, MVP reminded Mr. Eerhart that sending documents to the Funding Party's first bank is now a moot point, due to the Cancellation Notice, but stated again why is so critical that MVP to be provided with the requested materials.  **H-36.**

37.  MVP obtained an exemplar of an SBLC from the Funding Party, which demonstrates clearly that a valid SBLC must include signatures and PIN numbers of two (2) bank officers.  This form is virtually identical to the agreed draft SBLC that is in the SBLC Agreement.  **H-37**.

38.  **Exhibit 38** is a copy of the only other "code" information that MVP has ever received, and it was not useful to MVP or the Funding Party's bank.

39.  **Exhibit 39** is a communication on behalf of MVP explaining, again, to Mr. Eerhart what is needed and why what he provided was completely inadequate.

40.  The SBLC Agreement includes a liquidated damages provision that calls for payments approaching $10 Million by MVP to RI Hispanic in the event RI Hispanic created the SBLC and completed its assignment.  **Exhibit B, page 8**.  RI Hispanic continues to maintain that it fulfilled its responsibilities under the Agreement, but likewise continues its refusal to show MVP the actual proof needed to substantiate that claim and to allow MVP to move forward with the Funding Party.

## AMENDED REQUEST FOR RELIEF

Because MVP received a Cancellation Notice relating to the Funding Party's bank, it is no longer necessary that the requested documents be delivered to the Funding Party's original

bank.  Thus, Plaintiff respectfully requests that the Order that this Court issues limit delivery of the requested materials to MVP Lanes, LLC only, and further, that the documents include the Trouble Ticket Report actually issued by SWIFT.

Respectfully submitted,

/s/
Marc Seldin Rosen
Federal Bar No. 02589
Rosen & Warshaw, LLC
26 South Street
Baltimore, Maryland  21202
(410) 244-1155
*Attorney for MVP Lanes, LLC*

**CERTIFICATE OF SERVICE**

I hereby certify that on this 7th day of September, 2011, a copy of the foregoing Supplemental Memorandum was sent via electronic delivery to:

Samuel M. Riley, Esquire
409 Washington Avenue, Suite 200
Baltimore, Maryland  21204

/s/
Marc Seldin Rosen