IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| MVP LANES, LLC | * | |
|    Plaintiff | * | |
| v. | * | Case No. RDB 11 CV 2402 |
| RI HISPANIC BANCGROUP, LLC | * | |
|    Defendant | * | |
| | * | |

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

<u>REPLY MEMORANDUM IN FURTHER SUPPORT OF MOTION TO DISMISS</u>

Defendant, RI Hispanic BancGroup, LLC ("RIHB"), by its undersigned attorneys, replies to the Opposition to the Motion to Dismiss, and provides Reply Memorandum in further support of its motion.

   A.     <u>MVP's Conclusory Allegations In Support of Jurisdiction<br>Are Insufficient To Establish Personal Jurisdiction</u>

When a court's personal jurisdiction is challenged, the question is one for the judge, with the burden on plaintiff to prove the grounds for jurisdiction by a preponderance of the evidence. <u>Carefirst of Maryland v. Carefirst Pregnancy Ctrs.</u>, Inc., 334 F.3d 390, 396 (4th Cir. 2003); <u>Mylan Laboratories, Inc. v. Akzo</u>, N.V., 2 F.3d 56, 59-60 (4th Cir.1993). "Mere averments of jurisdiction are not enough nor may conclusory, unsupported statements contained in the accompanying affidavits be relied upon to demonstrate jurisdiction." <u>Holfield v. Power Chemical Co., Inc.</u>, 382 F.Supp. 388, 390 (D. Md. 1974); <u>Ticketmaster-New York, Inc. v. Alioto</u>, 26 F.3d 201, 203 (1st Cir.1994) (court need not credit

"conclusory allegations").

MVP's repeated and unsupported assertions of fraud and failure to perform are conclusory, as yet unsupported in the record, and subject to a dispute to be resolved as the matter proceeds. The conclusory assertions made in MVP's filing should not be credited.

What is at issue for purposes of this motion is the extent of the Defendant's contacts with the State of Maryland, or rather the paucity of those contacts. It remains undisputed that Defendant did not solicit the transaction in question, maintained no offices in Maryland, and performed all of the acts alleged in the papers outside the State of Maryland. MVP has failed to come forward with evidence of purposeful contacts with the State beyond electronic communications, and absent evidence supporting jurisdiction in this matter, MVP's conclusory assertions should be rejected.

> B. MVP Has Failed to Identify the Maryland Statutory Provision Authorizing the Assertion of Personal Jurisdiction in the Action

The Maryland long-arm statute limits jurisdiction to cases in which the cause of action "aris[es] from any act enumerated" in the statute itself. Robbins v. Yutopian Enterprises, Inc., 202 F.Supp.2d 426, 428 (D. Md.2002). Thus, a Plaintiff must "identify a specific Maryland statutory provision authorizing jurisdiction." Robbins, 202 F.Supp.2d at 428. MVP has failed to do so. In the absence of an identified statutory basis for the assertion of jurisdiction, MVP's action should be dismissed.

### C. Out-of-State Alleged Wrongdoing in a Contract Case Does Not Support the Assertion of Jurisdiction in This Action.

Alleged wrongdoing occurring out-of-state by a party to a contract with a Maryland resident is not, by itself, sufficient for personal jurisdiction. In interpreting Maryland's long-arm statute, for instance, the Maryland Court of Appeals has held that out-of-state legal representation is not enough to subject an out-of-state lawyer or law firm to the personal jurisdiction of the state in which a client resides. Bond v. Messerman, 391 Md. 706, 895 A.2d 990 (2006). Cf. Richardson v. Nationwide Mortgage Corp., 1985 WL 9133 (D.Md.1985) (personal jurisdiction existed over out-of-state lawyer because law firm, of which defendant was a partner, maintained an office in Maryland).

The Maryland Court of Appeals has addressed a situation in which an out-of-state performance of contractual duties was at issue, and rejected the assertion of long-arm jurisdiction. Bond v. Messerman, 391 Md. at 721-22. In the Bond case, the out-of-state lawyer engaged in number of communications, both by telephone and in writing, but the Court found personal jurisdiction lacking. Id. The attorney made no trips to Maryland, did not solicit business in Maryland, maintained no office or agents in the state, and performed all the acts at issue in Ohio, and the Court of Appeals found the activity lacking in sufficient purposeful contact with the State for long-arm jurisdiction. In determining the reach of Maryland's long-arm statute, decisions by the Maryland state courts interpreting the statute control. See Shealy v. Challenger Mfg. Co., 304 F.2d 102, 104 (4th Cir. 1962).

The federal courts that have reviewed the issue have concluded that the fact that communications were directed to persons inside the state, without more, in not enough to trigger personal jurisdiction.  See Leather Masters (PVT) Ltd. v. Giampier Ltd., 836 F.Supp. 328, 331 (D.Md.1993) ("without more, communications made from outside of the State to a Maryland resident are not enough to justify the exercise of personal jurisdiction over an out-of-state defendant"); Coating Engineers, Ltd. v. Electric Motor Repair, Co., 826 F.Supp 147, 149 (D.Md.1993) (defendant's telephone conversations with party in Maryland did not constitute purposeful activity within Maryland to confer jurisdiction under the Maryland long arm statute).

Citation to Carefirst of Maryland, Inc. v. Carefirst Pregnancy Centers, Inc., 334 F.3d 390 (4th Cir. 2003), is not helpful to MVP, as the Fourth Circuit in that case concluded that the internet presence of the defendant was not sufficient to justify personal jurisdiction in Maryland.  334 F.3d at 401 (relationship of Illinois non-profit organization, by means of passive internet presence, to plaintiff headquartered in Maryland did not warrant exercise of personal jurisdiction in Maryland).

MVP's reliance upon Cole–Tuve, Inc. v. Am. Mach. Tools Corp., 342 F.Supp.2d 362 (D.Md. 2004) is also misplaced.  Cole-Tuve involved an alleged intentional act of infringement of intellectual property rights, with the manifest intent of redirecting Maryland customers away from a Maryland business.  342 F. Supp.2d at 368.  No such facts are involved here.

Applying the factors in Zippo Manufacturing Co. v. Zippo Dot Com, Inc., 952 F.Supp. 1119 (W.D.Pa.1997), is similarly unavailing, as that case and its progeny addressed web presence, and RIHB's website is passive, merely making information available over the internet, which cannot render it subject to a state's personal jurisdiction.  A defendant must do something more than merely place information on the internet.  See ALS Scan, 293 F.3d at 712.

This case simply does not involve the continuing and far-reaching contacts as the Supreme Court discussed in Burger King Corp. v. Rudzewicz, 471 U.S. 462, 472 (1985).  Accordingly, in the absence of such continuing and far-reaching contacts, and with a forum selection designated by contract, the case should be dismissed.

## CONCLUSION

For the reasons and based upon the authorities set forth herein, Defendant, RI Hispanic BancGroup, LLC, respectfully requests the Court to dismiss this action.

        /s/
Samuel M. Riley
Bar No. 08842

Samuel M. Riley, LLC
409 Washington Avenue, Suite 200
Baltimore, Maryland 21204
410-296-8350

Attorney for Defendant,
RI Hispanic BancGroup, LLC

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 29th day of September, 2011, copies of this Reply Memo in Further Support of Motion to Dismiss were served by E-Filing on the parties to this action.

                                                /s/
                                       Attorney for Defendant,
                                       RI Hispanic BancGroup, LLC