**IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF MARYLAND**

(Northern Division)

|  |  |  |
|---|---|---|
| | * | |
| **MVP LANES, LLC** | * | |
| | * | |
| **Plaintiff,** | * | |
| | * | **Case No. RDB-11CV2402** |
| vs. | * | |
| | * | |
| **RI HISPANIC BANC GROUP, LLC** | * | |
| | * | |
| **Defendant.** | | * |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

## <u>MOTION TO QUASH MVP LANES, LLC'S SUBPOENA</u>

Cape Canaveral Investments, Corp. ("Cape Canaveral"), by and through undersigned counsel retained for the limited purpose of this Motion, hereby respectfully request this Court to quash the subpoena filed by MVP Lanes, LLC ("Plaintiff") in this matter, and in support thereof states:

1.      On or about August 26, 2011, Plaintiff filed a complaint in this Court seeking an equitable remedy of injunction or specific performance from RI Hispanic Banc Group, LLC ("Defendant"). Plaintiff alleges that Defendant agreed to issue a Stand-by Letter of Credit ("SBLC") to a third-party financier and then provide actual confirmation of that issuance to Plaintiff. Plaintiff alleges that Defendant failed to provide the actual confirmation of the SBLC issuance and seeks specific performance from Defendant to do so.

2.      Cape Canaveral was the designated escrow agent for the agreements between Plaintiff and Defendant, but is not a party to this litigation. Plaintiff alleges that, pursuant to the agreements that governed the SBLC transaction, it wired $25,000.00 to Cape Canaveral on or about April 14, 2011 and $65,000.00 on June 17, 2011, which were to be dispersed to Defendant upon completion of specified contractual obligations.

3.      Plaintiff further alleges Cape Canaveral received the $90,000.00, but never forwarded those funds to Defendant.

4.       On or about September 23, 2011, MVP Lanes, LLC served a subpoena upon JP Morgan Chase requesting, amongst other things, the bank records of Cape Canaveral from September 1, 2010 to present, "copies of all account opening forms and forms provided by the account holder for" Cape Canaveral's account, copies of all "checks written", "deposit slips and incoming wire forms", "all outgoing wire instruction forms", "any and all Trust Agreements that in any way refer to" Cape Canaveral's bank accounts.

5.      Cape Canaveral engaged the law firm of   Bauman, Dow & León, P.C. (Alberto A. León, Esq.), of Albuquerque, New Mexico (the "BDL Firm") for the sole and limited purpose of delivering up to $90,000.00 to this Court's Registry.  As of the date of this filing, Cape Canaveral has caused $65,000.00 to be deposited in the BDL Law Firm's trust account.  On October 27, 2011, the BDL Firm wired-transferred that amount to the Court Registry.  Cape Canaveral has transmitted and the BDL Firm has received a negotiable instrument for the remaining $25,000.00 which will be transferred to the Court's Registry as soon as the funds are cleared for transfer by the BDL Firm's bank or within 10 days of the date of this filing, whichever time is shorter.

6.      Cape Canaveral hereby seeks to quash the subpoena because it requires the disclosure of confidential and privileged information of Cape Canaveral and of other clients of Cape Canaveral concerning transactions not at all related to the transaction subject of the above-captioned litigation. The subpoena's request is unduly burdensome and over-broad.

7.      Plaintiff's subpoena seeks bank records of Cape Canaveral and potentially any records related to every account that Cape Canaveral or its principal, Jose Yanez, has ever maintained at the bank. Without limitation as to time, Plaintiff's subpoena potentially seeks information regarding Mr. Yanez's personal accounts and other business accounts. Naturally, Cape Canaveral and Mr. Yanez seek to maintain the privacy of their respective confidential bank records.

8.      Further evidencing the need to quash the subpoena, Plaintiff seeks information related to the confidential bank records of numerous non-parties. Cape Canaveral's bank account contains funds for several other clients that have no connection with this litigation or the SBLC agreement. Those clients have a reasonable expectation of privacy for their confidential bank records, which should not be disturbed by a subpoena issued from a case with no connection to those clients.

9.      As noted above, Plaintiff's initial deposit to Cape Canaveral was on April 14, 2011, however Plaintiff seeks confidential bank records dating back to September 1, 2010—7 months before Cape Canaveral had any connection to Plaintiff or the SBLC transaction.

10.     Cape Canaveral is not a party to this litigation and its only involvement was as the escrow agent responsible for the $90,000.00 payment made by Plaintiff.  As such, and in light of the pending deposit of those funds into this Court's registry, Plaintiff's subpoena of confidential bank records has no relevance to the present litigation and is unduly burdensome and overbroad.

WHEREFORE, Cape Canaveral Investments, Corp., for the reasons stated above, hereby requests this Court to quash the subpoena dated September 21, 2011 that was served upon JP Morgan Chase.


_____**/s/**_____
Orlando J. Mayo
200 East Lexington Street, Suite 1414
Baltimore, MD 21202
Ph:    (410) 727-6296
Fax:   (410) 576-3904
Email: orlando@mayolawgroup.com

## CERTIFICATE OF SERVICE

I hereby certify that on this 27th day of October 2011, a copy of the foregoing Motion to Quash Subpoena of MVP Lanes, LLC was served by E-filing on the parties to this action.


_____**/s/**_____
Orlando J. Mayo